**KIM, CHO & LIM, LLC**
Joshua S. Lim Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*
joshualim@kcllawfirm.com

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BYUNG SAN MIN, *on behalf of himself and FLSA Collective Plaintiffs,*<br><br>Plaintiffs,<br><br>-against-<br><br>BOKNUMCHER CORPORATION d/b/a WASABI, BYUNG KWAN LEE, JOHN DOES 1-10 (said names being fictitious), and JOHN ROE CORPS. 1-10 (said names being fictitious),<br><br>Defendants. | Case No.:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND JURY DEMAND<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)<br><br>ECF Case |

Plaintiff, BYUNG SAN MIN ("Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his attorneys, Kim, Cho & Lim, LLC, complaining of Defendants, BOKNUMCHER CORPORATION d/b/a WASABI ("Corporate Defendant"), BYUNG KWAN LEE ("Individual Defendant," and together with Corporate Defendant, "Defendants"), JOHN DOES 1-10 (said names being fictitious) and JOHN ROE CORPS. 1-10 (said names being fictitious), aver as follows:

**INTRODUCTION**

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2. Plaintiff further alleges that, pursuant to the New Jersey State Wage and Hour Law ("NJSWHL"), he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the New Jersey District pursuant to 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

5. Plaintiff BYUNG SAN MIN is a resident of Queens County, New York.

6. Defendants operate a Japanese restaurant under the trade name "Wasabi" located at 240 US Highway 206, Unit 8, Flanders, NJ 07836 ("Wasabi Restaurant").

7. Corporate Defendant BOKNUMCHER CORPORATION d/b/a WASABI is a domestic profit corporation organized under the laws of the State of New Jersey, with a principle place of business located at 240 US Highway 206, Unit 8, Flanders, NJ 07836 and an address for service of process located at 7 Fennimore Court, Flanders, NJ 07836. Defendants operate Wasabi Restaurant through BOKNUMCHER CORPORATION.

8. Individual Defendant BYUNG KWAN LEE is an owner and president of Corporate Defendant. BYUNG KWAN LEE exercised control over the employment terms and conditions of Plaintiff and FLSA Collective Plaintiffs.

9. Individual Defendant had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff and FLSA Collective Plaintiffs. At all times, employees could complain to Individual Defendant regarding any of the terms of their employment, and Individual Defendant would have the authority to effect any changes to the quality and terms of employees' employment. Individual Defendant regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. Individual Defendant ensured that employees effectively serve customers and that the business is operating efficiently and profitably. Individual Defendant exercised functional control over the business and financial operations of Corporate Defendant.

10. Upon information and belief, Corporate Defendant had a gross volume of sales of $500,000.00 or more (exclusive of excise taxes at the retail leval that are separately stated) at all relevant times.

11. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NJSWHL and the regulations promulgated thereunder.

12. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

14. Plaintiff bring claims for relief as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to cooks, food preparers, dishwashers, waiters and cashiers, employed by Defendants on or after

the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

17. From on or about February 5, 2014 until on or about July 16, 2016, Plaintiff was employed by Defendants to work as a cook for Defendants' "Wasabi" restaurant located at 240 US Highway 206, Unit 8, Flanders, NJ 07836.

18. Throughout the period of his employment with Defendants, Plaintiff regularly worked at least sixty-four (64) hours per week, exclusive of breaks, for six (6) days per week with the following work schedule: (i) 10:30 A.M. to 10:00 P.M., with less than one (1) hour break from 3:00 P.M. to 4:00 P.M., on Mondays through Thrusdays; and (ii) 10:30 A.M. to 10:30 P.M., with one (1) hour break from 3:00 P.M. to 4:00 P.M., on Fridays and Saturdays.

19. Plaintiff was required to work during the schedules breakes if customers walked in. As such, Plaintiff was deprivde of his scheduled break at least two (2) days in a week.

20. Based on Plaintiff's direct observations and conversations with other employees at Wasabi Restaurant, all FLSA Collective Plaintiffs worked similar hours.

21. Throughout his employment with Defendants, Plaintiff was compensated a fixed salary of $620 per week (i.e. $200 in check and $420 in cash), regardless of actual hours worked. However, there was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff.

22. Based on Plaintiff's direct observations and conversations with other employees at Wasabi Restaurant, all FLSA Collective Plaintiffs were similarly paid a fixed weekly salary without any understanding that the salary was intended to cover any overtime hours worked.

23. At all relevant times, Plaintiff and FLSA Collective Plaintiff regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NJSWHL.

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New Jersey State overtime rate (of time and one-half) to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per week.

25. Plaintiff retained his attorneys, Kim, Cho & Lim, LLC, to represent Plaintiff and FLSA Collective Plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff realleges and reavers Paragraphs 1 through 25 of this class and collective action Complaint as if fully set forth herein.

27. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

29. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

30. At all relevant times, Defendants had a policy and practice of failing to pay the proper overtime compensation at the statutory rate of one and one-half times the regular rate to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

31. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the proper overtime compensation of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

32. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

33. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

34. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

35. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW JERSEY STATE WAGE AND HOUR LAW

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this class and collective action Complaint as if fully set forth herein.

38. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New Jersey State Wage and Hour Law.

39. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay them the proper overtime compensation at the statutory rate of one and one-half times the regular rate for hours worked in excess of forty (40) per workweek.

40. Due to Defendants' New Jersey State Wage and Hour Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, damages for

unreasonably delayed payments, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJSWHL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and NJSWHL;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the proper overtime compensation, pursuant to the FLSA;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the proper overtime compensation, pursuant to the NJSWHL;

f. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   December 28, 2017             Respectfully submitted,

By:   _____
Joshua S. Lim, Esq.
KIM, CHO & LIM, LLC
Joshua S. Lim, Esq.
460 Bergen Boulevard, Suite 305
Palisades Park, NJ 07650
T: (201) 585-7400
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*